IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RODOLFO MANUEL-MACEDO, § <br> and all others similarly § <br> situated under 29 U.S.C. 216 (b), § <br> Plaintiff, § <br> § <br> v. § <br> § <br> G.A.M. TORRES II, LLC, § <br> a/k/a G.A.M. TORRES LLC II, § <br> a/k/a POETRY PLACE EVENTS, § <br> d/b/a FISH N' TAILS OYSTER BAR, § <br> MIGUEL ANGEL TORRES RAMIREZ, § <br> GUILLERMO TORRES, § <br> ROBERTO TORRES, and § <br> ALEX RODRIGUEZ § <br> Defendants. § | CIVIL ACTION NO. |

**COMPLAINT UNDER 29 U.S.C. §§ 201- 216 OVERTIME WAGE VIOLATIONS**

Plaintiff, RODOLFO MANUEL-MACEDO, on behalf of himself and all others similarly situated under 29 U.S.C. § 216(B), through undersigned counsel, files this Complaint against Defendants, G.A.M. TORRES II, LLC a/k/a G.A.M. TORRES LLC II a/k/a POETRY PLACE EVENTS d/b/a FISH N' TAILS OYSTER BAR, MIGUEL ANGEL TORRES RAMIREZ, GUILLERMO TORRES, ROBERTO TORRES, and ALEX RODRIGUEZ, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dallas County, Texas at the time that this dispute arose.

3. The Defendant G.A.M. TORRES II, LLC a/k/a G.A.M. TORRES LLC II a/k/a POETRY PLACE EVENTS d/b/a FISH N' TAILS OYSTER BAR is a company that regularly transacts business within Dallas County and Collin County. Upon information and belief,

G.A.M. TORRES II, LLC a/k/a G.A.M. TORRES LLC II a/k/a POETRY PLACE EVENTS d/b/a FISH N' TAILS OYSTER BAR was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The individual Defendant, MIGUEL ANGEL TORRES RAMIREZ, is a corporate officer and/or owner and/or manager of G.A.M. TORRES II, LLC a/k/a G.A.M. TORRES LLC II a/k/a POETRY PLACE EVENTS d/b/a FISH N' TAILS OYSTER BAR (the "Defendant Company") who ran the day-to-day operations of the Defendant Company for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. § 203(d).

5. The individual Defendant, GUILLERMO TORRES, is a corporate officer and/or owner and/or manager of the Defendant Company who ran the day-to-day operations of the Defendant Company for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. § 203(d).

6. The individual Defendant, ROBERTO TORRES, is a corporate officer and/or owner and/or manager and/or Director of Operations of the Defendant Company who ran the day-to-day operations of the Defendant Company for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. § 203(d).

7. The individual Defendant, ALEX RODRIGUEZ, is a corporate officer and/or owner and/or manager of the Defendant Company who ran the day-to-day operations of the

Defendant Company for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. § 203(d).

8. Acts or omissions giving rise to this dispute took place in the Northern District of Texas.

### COUNT I. FEDERAL OVERTIME WAGE VIOLATION

9. This action arises under the laws of the United States. This case is brought as a collective action under 29 U.S.C. § 216(B). It is believed that the Defendants have employed several other similarly situated employees like the Plaintiff who have not been paid overtime for work performed in excess of 40 hours weekly and/or minimum wages as required by the Fair Labor Standards Act as a result of being paid set weekly salaries regardless of the hours actually worked from the filing of this complaint back three years.

10. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

11. 29 U.S.C. § 207(a)(1) states, in pertinent part, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

12. Plaintiff worked for Defendants as a cook at "Fish N' Tails Oyster Bar" restaurants in Garland, Texas and in Plano, Texas from on or about August 29, 2016 through on or about

March 17, 2019.

13. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to them by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while they worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

14. Upon information and belief, the Defendant Company had gross sales or business done, individually and/or collectively as part of the joint enterprise described in paragraph 17 below, in excess of $500,000 annually for the years 2015, 2016, 2017, and 2018.

15. Upon information and belief, the Defendant Company's gross sales or business done, individually and/or collectively as part of the joint enterprise described in paragraph 17 below, are expected to exceed $500,000 annually for the year 2019.

16. Furthermore, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus also making Defendants' business an enterprise covered under the Fair Labor Standards Act. By way of example, Defendants operated Fish N' Tails Oyster Bar restaurants with locations in Garland, Texas; Plano, Texas; and Richardson, Texas which served a wide variety of seafood, vegetables,

chicken, salads, alcoholic and non-alcoholic beverages (including imported beer), side dishes, and desserts that Plaintiff believes discovery will show travelled through interstate commerce prior to their use by Plaintiff and other employees of Defendants at Defendants' restaurants.

17. Upon information and belief, Defendant G.A.M. TORRES II, LLC a/k/a G.A.M. TORRES LLC II a/k/a POETRY PLACE EVENTS d/b/a FISH N' TAILS OYSTER BAR is part of a joint enterprise as defined by 29 U.S.C. § 203(r) with G.A.M. Torres LLC, G.A.M. Torres III, LLC, and G.A.M. Torres IV, LLC as the related activities between the companies, performed through unified operation and/or common control, are being done for a common business purpose. The Defendant Company and the other business entities listed in this paragraph are believed to operate various Fish N' Tails Oyster Bar restaurants in Garland, Texas; Plano, Texas; and Richardson, Texas that make use of joint advertising, including the website www.fishntails.com, joint suppliers, joint management, and that share employees between them. Furthermore, the records of the Texas Secretary of State, as of March 25, 2019, list Defendant MIGUEL ANGEL TORRES RAMIREZ as the manager of the Defendant Company, G.A.M. Torres LLC, and G.A.M. Torres III, LLC and Defendant ROBERTO TORRES as the manager of G.A.M. Torres IV, LLC. Defendants' website, www.fishntails.com, also lists the locations of four different Fish N' Tails Oyster Bar restaurants and reflects that Defendant GUILLERMO TORRES is the owner of all of these locations and that Defendant ROBERTO TORRES is the Director of Operations for all of these locations.

18. From on or about August 29, 2016 through on or about March of 2017, Plaintiff worked at the Garland Fish N' Tails Oyster Bar restaurant operated by Defendants as a cook and

worked an average of 66.5 hours per week and was paid an average weekly salary of $650.00, resulting in an average effective regular hourly rate of $9.77 per hour, but was not paid the overtime premium for hours worked above 40 hours in a week in the manner required by the Fair Labor Standards Act. *See e.g.* 29 C.F.R. § 778.114.  Plaintiff therefore claims the half-time overtime rate for each overtime hour worked above 40 in a week during this time period.

19. From on or about March of 2017 through on or about June 11, 2017, Plaintiff worked at the Garland Fish N' Tails Oyster Bar restaurant operated by Defendants as a cook and worked an average of 66.5 hours per week and was paid an average weekly salary of $750.00, resulting in an average effective regular hourly rate of $11.28 per hour, but was not paid the overtime premium for hours worked above 40 hours in a week in the manner required by the Fair Labor Standards Act. *See e.g.* 29 C.F.R. § 778.114.  Plaintiff therefore claims the half-time overtime rate for each overtime hour worked above 40 in a week during this time period.

20. From on or about June 12, 2017 through on or about April 1, 2018, Plaintiff worked at the Garland Fish N' Tails Oyster Bar restaurant operated by Defendants as a cook and worked an average of 61.5 hours per week and was paid an average weekly salary of $800.00, resulting in an average effective regular hourly rate of $13.01 per hour, but was not paid the overtime premium for hours worked above 40 hours in a week in the manner required by the Fair Labor Standards Act. *See e.g.* 29 C.F.R. § 778.114.  Plaintiff therefore claims the half-time overtime rate for each overtime hour worked above 40 in a week during this time period.

21. From on or about April 2, 2018 through on or about August of 2018, Plaintiff worked at

the Garland Fish N' Tails Oyster Bar restaurant operated by Defendants as a cook and worked an average of 61.5 hours per week and was paid an average weekly salary of $850.00, resulting in an average effective regular hourly rate of $13.82 per hour, but was not paid the overtime premium for hours worked above 40 hours in a week in the manner required by the Fair Labor Standards Act. *See e.g.* 29 C.F.R. § 778.114.  Plaintiff therefore claims the half-time overtime rate for each overtime hour worked above 40 in a week during this time period.

22. From on or about August of 2018 through on or about March 17, 2019, Plaintiff worked at the Plano Fish N' Tails Oyster Bar restaurant operated by Defendants as a cook and worked an average of 61.5 hours per week and was paid an average weekly salary of $850.00, resulting in an average effective regular hourly rate of $13.82 per hour, but was not paid the overtime premium for hours worked above 40 hours in a week in the manner required by the Fair Labor Standards Act. *See e.g.* 29 C.F.R. § 778.114.  Plaintiff therefore claims the half-time overtime rate for each overtime hour worked above 40 in a week during this time period.

23. Plaintiff believes that discovery will show that Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages from the commencement of Plaintiff's employment for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to

be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

Respectfully submitted,

By:  s/ Robert L. Manteuffel
J.H. Zidell
State Bar No. 24071840
Email: zabogado@aol.com
Robert L. Manteuffel
State Bar No. 12957529
Email: rlmanteuffel@sbcglobal.net
Joshua A. Petersen
State Bar No. 24085524
Email: josh.a.petersen@gmail.com

**J.H. ZIDELL, P.C.**
6310 LBJ Freeway, Ste. 112
Dallas, Texas 75240
Tel:    972-233-2264
Fax:   972-386-7610

**ATTORNEYS FOR PLAINTIFF**